ORDER FOLLOWING TRIAL
JENNY LEE KRONK, LTBB Associate Judge.
On July 20, 2011, the Plaintiff, Northern Shores Loan Fund, Inc. (NSLF), a non *324 profit corporation filed under the laws of the Little Traverse Bay Bands of Odawa Indians (LTBB), filed a complaint against Harbor Wear of Boyne, Inc. (Harbor Wear), a Michigan Corporation, alleging it had defaulted on a loan. The Honorable Jenny Lee Kronk, LTBB Associate Judge, presided at a trial in this matter on January 30, 2012. Present at the hearing were Lisa McComb, Executive Director of NSLF, and its attorney, Bridget Brown Powers; no one appeared on behalf of the Defendant.[1]
NSLF’s Executive Director testified and submitted 12 Exhibits into the record:
Exhibit A: LARA Corporate entity status details for Harbor Wear of Boyne, Inc., dated 1/30/12;
Exhibit B: the Loan Agreement between NSLF and Harbor Wear;
Exhibit C: the Promissory Note for $15,165.00 signed by Gerald L. Field on behalf of Harbor Wear on January 25, 2010;
Exhibit D: Security Agreement signed by the parties on January 25, 2010;
Exhibit E: UCC Financing Statement Filing Acknowledgement dated February 4, 2010;
Exhibit F: Emails between Lisa McComb and Stacy Field, between December 22, 2010 and March 28, 2011;
Exhibit G: February 2, 2011 letter from Lisa McComb to Gerald Field;
Exhibit H: February 16, 2011 letter from Lisa McComb to Gerald Field;
Exhibit I: April 21, 2011 letter from Plaintiffs attorney to Gerald Field;
Exhibit J: Unsigned and unaddressed April 27, 2011 letter from Gerald & Stacy Field;
Exhibit K: List of Assets Received from Harbor Wear on May 26, 2011; and
Exhibit L: Checks and receipts for sale of assets totaling $290.00.
Ms. McComb testified that:
• Harbor Wear was approved for a loan of $15,000.00 plus a $15.00 filing fee and a $150.00 processing fee for a total of $15,165.00, on January 25, 2010;
• The loan agreement required a monthly payment of $392.95 a month;
• Harbor Wear pledged all its business assets as security;
• Harbor Wear defaulted in January 2011, after it failed to make its January payment;
• Harbor Wear was in default on March 1, 2011 because it had not made a monthly payment since December 2010;
• She sent several emails and letters to Harbor Wear regarding the default;
• NSLF hired Northern Asset Management to recover the assets for $800;
• The assets were sold for $290.00 total after NSLF advertised in the paper and on Craig’s list; and
• NSLF is owed $20,738.62 for the loan, plus interest of $1,718.50, and collection fees and attorney fees and costs of $6,817.66, as of the date of the trial.
CONCLUSIONS OF LAW
The Court finds that the Defendant probably was in default on its loan; Harbor Wear did not dispute that it was in default. However, the Court further finds that the Plaintiff has not met its standard of proof by a preponderance of the evidence of a sum certain, if any, that is actually owed.
*325 After listening to the testimony of the Executive Director and reviewing the Exhibits entered into the record, the Court finds that the Executive Director’s testimony is unreliable. For example, she testified that Harbor Wear made its last monthly payment in December 2010 and it was in default at that time, yet the email she sent to Stacy Field on January 27, 2011 acknowledged that NSLF received a payment from Harbor Wear on January 20, 2011 for its January payment. (See, Exhibit F) The Court would need to see the ledger entries which showed payments made, what was credited to principal, and how the interest was calculated and accrued to determine the amount owed on the loan. NSLF provided no statement showing what payments were made on the loan, with the balance left owing on the principal, and a calculation of interest.
Similarly, the Court did not have a bill from Northern Asset Management and any other bills, to determine the actual costs incurred by NSLF to sell the assets. The Court is furthered troubled that, of all the assets including the fixtures and inventory listed in Exhibit K, only a small percentage of the assets were sold for a de minimis sum of $290.00 to only four buyers. (See. Exhibit L) Finally, NSLF provided no bill to show what costs and attorney fees were incurred so the Court has no way of knowing if they were reasonable, as required by the LTBB Rules of Civil Procedure (LTBBRCP) XXIII § 4.
Finally, the Court is troubled by the loan agreement itself and questions whether or not the loan was legal ab initio, from the beginning. The loan agreement executed on January 25, 2010, was made with Harbor Wear Boyne, Inc., located at 109 Water Street, Boyne City, Michigan. The Court takes judicial notice that 109 Water Street in Boyne City is not within the boundaries of the Little Traverse Bay Bands of Odawa Indians reservation as required by the loan agreement. See, Exhibit B, page 1, number 2.[2] Further, a review NSLF’s Articles of Incorporation reveals that Article IV of its Articles of Incorporation sets out its “purposes [which] shall be limited to the following:
[[Image here]]
2. The Corporation shall provide direct lending of money to established businesses owned by enrolled citizens of the Little Traverse Bay Bands of Odawa Indians living within the reservation boundary or all permanent residents (1 year minimum) of the Little Traverse Bay Bands of Odawa Indians Reservation Boundary, so long as the operating business is located within the Little Traverse Bay Bands of Oda-wa Indians Reservation Boundary, as per the loan guidelines, by-laws and policies and procedures of the Corporation.” (Emphasis added).
Although there is no evidence in the record to indicate where Gerald and Stacy Field were living on January 25, 2010 when the loan agreement was signed, they have been living at 2700 Pleasant Valley Road in Boyne City since at least February 2, 2011. See, Exhibit G. The Court takes judicial notice that 2700 Pleasant Valley Road in Boyne City, where Gerald Field was served, is not within the reservation boundaries of the Tribe. Further, Exhibit B shows Stacy Field to be an owner of Harbor Wear, although she is not a tribal citizen.
The Court also notes that the Plaintiff did not include in the Complaint *326 “a short and clear written statement sufficient to advise the defendant or respondent and the Court of the Court’s jurisdiction” as required by Court Rules.[3]
For all of the above reasons discussed above, the Court holds that the Plaintiff has failed to meet its standard of proof by a preponderance of the evidence of a sum certain that the Defendant owes the Plaintiff, if anything, under the loan agreement dated January 25, 2010.
Although the Plaintiff has requested a default judgment, the Court has found the evidence conflicting or insufficient and cannot enter a default because it has not “received evidence the Court deems necessary to establish the claim,” [4] and the Defendant was not served within the exterior boundaries of the LTBB reservation.
Therefore, it is ORDERED that this case is DISMISSED.

. The Court waited approximately thirty minutes for the Defendant to appear before beginning the trial.

. "Throughout the term of this loan, the Borrower's principal place of business shall be maintained within the boundaries of the Little Traverse Bay Bands of Odawa Indians reservation area.”

. See, LTBBRCP VIII, § 2(a).

. LTBBRCP XXIV, § 2 covers Judgment by Default. “Judgment by default may be entered by the clerk if a party’s claim against the opposing party is for a sum of money which is or can by computation be made certain and if the opposing party has been personally served within the exterior boundaries of the Little Traverse Bay Bands of Odawa Indians Reservation. Otherwise, judgment by default can be entered only by the Court upon receipt of whatever evidence the Court deems necessary to establish the claim.”